UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WELLS FARGO BANK, N.A.,**

**Appellant,**

v.                                                    **Case No:  6:13-cv-1577-Orl-28**

**JAMES BRUCE KENDRICK, SR.,**

**Appellee.**

## ORDER

Wells Fargo Bank, N.A., appeals the judgment of the bankruptcy court in favor of

the debtor, James Bruce Kendrick, Sr.  The controlling issue is whether the bankruptcy

court erred in determining that the question

> "Have you or any firm in which you are a major owner or guarantor ever
> declared bankruptcy . . . ?"

is ambiguous.  Upon de novo review, I conclude that the question is unambiguous and

that the judgment must be vacated.

**I.      Background[1]**

Kendrick is a guarantor of a 2010 commercial loan to his orthodontia practice from

Wells Fargo.  (Mem. Op. & Order, Doc. 1-2, at 2).  In 2012, the practice failed to repay

the loan, and Kendrick defaulted on the guaranty. (Appellant's Initial Br., Doc. 13, at 11;

Doc. 1-2 at 3).  He then filed a Chapter 7 bankruptcy case, and Wells Fargo sought to

---

[1] The Background section contains facts as stated in the bankruptcy court's order
or in the parties' filings with this Court.  The facts stated herein are undisputed and are
accepted as true for the purposes of this Order.

have the commercial loan declared nondischargeable.[2] (Doc. 13 at 11; Doc. 1-2 at 1).

Kendrick had answered "No" to the following question on his Personal Financial Statement form[3]: "Have you or any firm in which you are a major owner or guarantor ever declared bankruptcy or had a judgment against you?" (Doc. 1-2 at 2). However, Kendrick had received an adverse arbitration award and in 1998 had filed an individual Chapter 11 bankruptcy case. (Id. at 3). Wells Fargo argued to the bankruptcy court that this statement "was an intentionally false and deceptive statement upon which the Bank justifiably relied to its detriment" and that the loan debt thus should be nondischargeable in bankruptcy. (Id. at 5). Kendrick, on the other hand, testified that he answered "No" because he did not believe "declar[ing] bankruptcy" included filing a Chapter 11 reorganization case but instead meant only a liquidation. (Id. at 3). He also testified that "[h]e did not understand an arbitration award to be the same as a judgment." (Id.).

The bankruptcy court agreed with Kendrick and disagreed with Wells Fargo. It made several findings that it characterized as factual. For example, the court found that the Personal Financial Statement form drafted by Wells Fargo was "inartfully worded, ambiguous, and open to more than one interpretation." (Id. at 4). The court noted that the form did "not define 'declar[ing] bankruptcy' or 'judgment'" and that Kendrick's construction of the question was not unreasonable. (Id. (alteration in original)).

The bankruptcy court also set forth conclusions of law. It found that the burden of

---

[2] Wells Fargo sought nondischargeability of the loan under 11 U.S.C. § 523(a)(2), which provides an exception to discharge of debt for money or property obtained by materially false statements or fraud.
[3] The Personal Financial Statement form is part of the loan application process Kendrick completed with Wells Fargo. (Doc. 1-2 at 2).

proving nondischargeability of Kendrick's debt was Wells Fargo's by a preponderance of the evidence and that "exceptions to discharge are to be strictly construed against the creditor." (Id. at 5 (quotation omitted)).  The bankruptcy court stated that to prevail on its nondischargeability argument, Wells Fargo must prove that the misrepresentation was made with the intent to deceive Wells Fargo. (Id. at 6-7).  The court again found that the form was ambiguous and that Kendrick's interpretation was not unreasonable. (Id. at 7-8).  The court concluded that Wells Fargo failed to establish that Kendrick's answers were false or that any misstatement by Kendrick was intentional. (Id. at 7).  For these reasons, the court concluded that "Kendrick's personal indebtedness to Wells Fargo is dischargeable and judgment is due to be entered in favor of Kendrick and against Wells Fargo."[4] (Id. at 8).

Wells Fargo has appealed the bankruptcy court's ruling, arguing that the bankruptcy court's legal analysis regarding ambiguity was incorrect and should be afforded no deference. (Doc. 13 at 27).  Wells Fargo contends that the bankruptcy court based its finding of Kendrick's intent on that erroneous legal conclusion and requests that this Court instruct the bankruptcy court as to the proper reading of the form. (Id. at 37).

## II.   Analysis

### A.   Standard of Review

In reviewing bankruptcy court decisions, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the

---

[4] In its original order (Doc. 1-2) and in an order on reconsideration (Doc. 1-4), the bankruptcy court also addressed issues of attorneys' fees and costs and evidentiary admissibility.  This Court will not address these issues in this Order.

witnesses." Fed. R. Bankr. P. 8013. Legal conclusions and mixed questions of law and fact are reviewed de novo. In re Sundale, Ltd., 499 F. App'x 887, 889-90 (11th Cir. 2012); see also Lightner v. Lohn, 274 B.R. 545, 548-49 (M.D. Fla. 2002) ("[A]ppellants are entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts."). In addition, if the bankruptcy court relies on erroneous legal conclusions in determining its factual findings, reversal may be appropriate. In re Terry Mfg. Co., Inc., Nos. 03-32063-WRS, 03-32213-WRS, 2:07-CV-620-WKW, 2008 WL 4493240, at *8 (M.D. Ala. Sept. 30, 2008). "[I]f the bankruptcy court is silent or ambiguous as to the necessary factual findings," the district court should remand the case to the bankruptcy court for the factual determinations because the district court cannot itself make factual findings. In re Cornelison, 901 F.2d 1073, 1075 (11th Cir. 1990).

At issue here is whether the bankruptcy court's findings were factual, legal, or mixed questions of fact and law. Whether there is "intent to deceive," as required for a debt to be nondischargeable, is a factual issue that is reviewed under a clearly erroneous standard. In re Miller, 39 F.3d 301, 304 (11th Cir. 1994).[5] The bankruptcy court's determination of intent is particularly entitled to deference because it "depends largely upon an assessment of the credibility and demeanor of the debtor." Id. at 305 (quotation omitted).

On the other hand, a bankruptcy court's determination of the ambiguity of loan

---

[5] The Eleventh Circuit in Miller was analyzing only the "intent to deceive" requirement that is stated in § 523(a)(2)(B), but § 523(a)(2)(A) has also been interpreted to require proof of intent to deceive the creditor. In re Bilzerian, 100 F.3d 886, 892 (11th Cir. 1996); see also In re Acosta, 406 F.3d 367, 372 (5th Cir. 2005).

instruments is a legal determination subject to de novo review.  See In re Sublett, 895 F.2d 1381, 1384 (11th Cir. 1990) ("Under traditional principles of contract law, the bankruptcy court's interpretation of the loan instruments in this case is a legal determination subject to *de novo* review if the contractual language is unambiguous. . . . Furthermore, the initial question whether the contractual language is ambiguous or not is itself a question of law."); see also In re Yelverton, 298 F. App'x 941, 945 (11th Cir. 2008).

The bankruptcy court's finding regarding the ambiguity of the form is a question of law, while the issue of Kendrick's intent is a question of fact.  Furthermore, the bankruptcy court's conclusion that Wells Fargo did not prove either Kendrick's intent or the falsity of his statement rests on its determination that the form was ambiguous.  This appeal involves mixed questions of law and fact that I must review de novo.  If the bankruptcy court's determination on ambiguity was incorrect, this case must be remanded for the bankruptcy court to consider Kendrick's intent based on the correct legal conclusion.

### B.    Ambiguity of the Form

As noted, the bankruptcy court found that the language in the form—"Have you or any firm in which you are a major owner or guarantor ever declared bankruptcy or had a judgment against you?"—was ambiguous.  (Doc. 1-2 at 2, 4).  A term is considered ambiguous "if it is reasonably susceptible to more than one interpretation."  Cal. Fed. Bank v. Romano, 237 B.R. 807, 811 (M.D. Fla. 1996) (citing Orkin Exterminating Co. v. FTC, 849 F.2d 1354, 1360 (11th Cir. 1988)).  Based on its common usage, the term "declare bankruptcy" is reasonably susceptible to only one interpretation—that is, to file a petition under any bankruptcy statute in bankruptcy court. The Bankruptcy Code, other courts, and secondary sources all support this reading of the term.

The bankruptcy court noted that under the Bankruptcy Act of 1898, which was

superseded in 1978 by the current Bankruptcy Code, an individual proceeding under a rehabilitation chapter was considered a "debtor," while an individual in a liquidation case was considered a "bankrupt." (Doc. 1-2 at 4). Additionally, the bankruptcy court noted that "debtor" is the only term used in the current Code to describe a person who files a bankruptcy petition. (Id.). Wells Fargo argues correctly that the definitions of "bankrupt" and "debtor" as found by the bankruptcy court do not determine the meaning of the term "declared bankruptcy." (Doc. 13 at 29-30). Furthermore, in the current Code the term "debtor" is defined as a "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(13). This definition indicates that individuals who file bankruptcy petitions in any chapter are all considered "debtors." If there once was a distinction in terminology between individuals in liquidation and rehabilitation cases, that distinction was abolished in the current version of the Bankruptcy Code. This supports Wells Fargo's argument that to "declare bankruptcy" means to file a bankruptcy petition under any relevant chapter of the Bankruptcy Code.

Because, as noted by the bankruptcy court and Wells Fargo, the Bankruptcy Code does not define "declare bankruptcy," see 11 U.S.C. § 101, how the term is used by courts and others is relevant. Courts have regularly used the term "declared bankruptcy" to refer to Chapter 11 bankruptcy cases. Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33, 36 (2008) ("Piccadilly declared bankruptcy under Chapter 11 . . . ."); In re Advanced Telecomm. Network, Inc., 490 F.3d 1325, 1329 (11th Cir. 2007) ("Advanced Telecommunications Network, Inc. [is] a chapter 11 bankrupt debtor seeking to recover certain transfers made before the company declared bankruptcy . . . ."). Additionally, Black's Law Dictionary defines "bankruptcy" as a procedure in which a debtor undergoes

either a reorganization or liquidation of assets or as "[t]he status of a party who has declared bankruptcy under a bankruptcy statute." Black's Law Dictionary 166-67 (9th ed. 2009). These cases and definitions support an interpretation that the meaning of the term "declare bankruptcy" is to file a bankruptcy petition under any Bankruptcy Code chapter.

While Kendrick argues that Wells Fargo used inconsistent language throughout its loan instruments and other documents, (Doc. 18 at 11-12), he provides little evidence to support his suggestion that to "declare bankruptcy" can only mean to proceed in a liquidation case. Kendrick provides a statement by President Barack Obama that he claims "proclaimed an absolute distinction between 'reorganization' and 'bankruptcy'" in the context of the reorganization of Chrysler and General Motors. (Doc. 18 at 12). Contrary to Kendrick's argument, however, President Obama did not use the word "bankruptcy." He instead said "'[w]e refused to let Detroit [referring to GM and Chrysler] go bankrupt.'" (Doc. 18 at 12 n.4 (second alteration in the original)). I read President Obama's statement as making a distinction between declaring bankruptcy under any bankruptcy chapter and ultimately becoming bankrupt (i.e., liquidation). In sum, I find that the term "declare bankruptcy" is not ambiguous. For someone to have "declared bankruptcy," he or she must have filed a bankruptcy petition in bankruptcy court.

The bankruptcy court appears to have based its conclusion that Kendrick did not have intent to deceive on, at least in part, its finding that the question on the form was ambiguous.[6] (See Doc. 1-2 at 4). This legal determination was incorrect. It is unclear

---

[6] The bankruptcy court also found ambiguity as to whether an arbitration award would be considered a "judgment" and must be disclosed on the form. (Doc. 1-2 at 4). Wells Fargo does not challenge this finding, (Doc. 13), so I do not address it here.

what the bankruptcy court would have found regarding Kendrick's intent if it had used the correct legal interpretation of the question on the form, so remand is appropriate in this case. See Cornelison, 901 F.2d at 1075.

## III.   Conclusion

For the foregoing reasons, I conclude that the term "declared bankruptcy" in the Personal Financial Statement Form is unambiguous. Accordingly, the judgment of the bankruptcy court is hereby **VACATED**, and this case is **REMANDED** to the bankruptcy court for a determination, consistent with this opinion, of Kendrick's intent and the dischargeability of his debt. After remanding the case, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

8